NIKKEN USA, INC. (also known as Nikken, Inc.), Plaintiff–Appellant,

v.

ROBINSONS–MAY, INC., Homedics–USA, Inc. (also know as Homedics, Inc.), Ace Hardware Corp., American Drug Stores, Inc., Bed Bath & Be-

yond, Inc., Bloomingdales, Inc., Burdines, Inc., Burlington Coat Factory, Busy Body, Inc., CVS Distribution, Inc., CWI (doing business as Camping World Inc.), Drug Emporium, Inc., Drugstore.Com, Inc., Federated Department Stores, Inc., General Nutrition Company, Gottschalks, Inc., J & R Electronics, Inc., J.C. Penney Co., Lechters California, Inc., Longs Drug Stores California, Inc., Macy's West, Mervyns California, Montgomery Ward, Natural Wonders, Inc., Nordstroms, Inc., Office Depot, Inc., QVC, Inc., Ralphs Grocery Company, Riteaid Corporation, Saks, Inc., Sears Roebuck & Company, Service Merchandise Co., Inc., Sharper Image Corp., Target Stores, Inc., the TJX Companies, Inc. (doing business as Marshalls), Tuesday Morning, Inc., Wal–Mart Stores, Inc., Walgreens, and K Mart Corporation, Defendants–Cross Appellants,

and

Ames Department Stores, Inc., Costco Wholesale Corporation, and PriceSmart, Defendants–Appellees.

Nikken USA, Inc. (also known as Nikken, Inc.), Plaintiff–Appellee,

v.

Robinsons–May, Inc., Homedics–USA, Inc. (also know as Homedics, Inc.), Ace Hardware Corp., American Drug Stores, Inc., Ames Department Stores, Inc., Bed Bath & Beyond, Inc., Bloomingdales, Inc ., Burdines, Inc., Burlington Coat Factory, Busy Body, Inc., Costco Wholesale Corporation, CVS Distribution, Inc., CWI (doing business as Camping World Inc.), Drug Emporium, Inc., Drugstore.Com, Inc., Federated Department Stores, Inc., General Nutrition Company, Gott-

schalks, Inc., J & R Electronics, Inc., J.C. Penney Co., Lechters California, Inc., Longs Drug Stores California, Inc., Macy's West, Mervyns California, Montgomery Ward, Natural Wonders, Inc., Nordstroms, Inc., Office Depot, Inc., PriceSmart, QVC, Inc., Ralphs Grocery Company, Riteaid Corporation, Saks, Inc., Sears Roebuck & Company, Service Merchandise Co., Inc., Sharper Image Corp., Target Stores, Inc., the TJX Companies, Inc. (doing business as Marshalls), Tuesday Morning, Inc., Wal–Mart Stores, Inc., Walgreens, and K Mart Corporation, Defendants–Appellants.

Nikken USA, Inc. (also known as Nikken, Inc.), Plaintiff–Appellee,

v.

Robinsons–May, Inc., Homedics–USA, Inc. (also know as Homedics, Inc.), Ace Hardware Corp., American Drug Stores, Inc., Bed Bath & Beyond, Inc., Bloomingdales, Inc., Burdines, Inc., Burlington Coat Factory, Busy Body, Inc., CVS Distribution, Inc., CWI (doing business as Camping World Inc.), Drug Emporium, Inc., Drugstore.Com, Inc., Federated Department Stores, Inc., General Nutrition Company, Gottschalks, Inc., J & R Electronics, Inc., J.C. Penney Co., Lechters California, Inc., Longs Drug Stores California, Inc., Macy's West, Mervyns California, Montgomery Ward, Natural Wonders, Inc., Nordstroms, Inc., Office Depot, Inc., QVC, Inc., Ralphs Grocery Company, Riteaid Corporation, Saks, Inc., Sears Roebuck & Company, Service Merchandise Co., Inc., Sharper Image Corp., Target Stores, Inc., the TJX Companies, Inc.

(doing business as Marshalls), Tuesday Morning, Inc., Wal–Mart Stores, Inc., Walgreens, and K Mart Corporation, Defendants–Appellants,

and

Ames Department Stores, Inc., Costco Wholesale Corporation, and PriceSmart, Defendants.

Nos. 01–1420, 02–1006, 01–1437, 01–1603.

United States Court of Appeals, Federal Circuit.

Oct. 12, 2001.

*ORDER*

RADER, Circuit Judge.

Robinsons–May, Inc. et al. move to dismiss no. 01–1420 for lack of jurisdiction. Nikken USA, Inc. opposes. Robinsons–May replies. Robinsons–May moves for a 30–day extension of time to file its opening/response brief. Nikken opposes. Robinsons–May replies. Robinsons–May moves to reform the official caption to include K Mart Corporation as a Defendant–Cross Appellant. Nikken opposes. Robinsons–May replies. Nikken moves to dismiss Robinsons–May's cross appeal, no. 01–1437. Robinsons–May opposes. Nikken replies. The parties jointly move to voluntarily dismiss no. 01–1603.

This patent infringement action involves two patents and two types of magnetic therapy products, fabric type magnetic products and magnetic insole type products. In orders dated September 15, 2000 and February 26, 2001, the district court granted partial summary judgment, ruling that the fabric type products did not infringe one of the listed patents. Because Ames Dept. Stores, Costco Wholesale Corp., and PriceSmart only sold the fabric type products, on May 23, 2001, the district court directed the entry of a Fed. R.Civ.P. 54(b) stipulated summary judgment of noninfringement as to these defendants. Nikken filed appeal no. 01–1420 from the district court's May 23, 2001 judgment. Robinsons–May filed a cross-appeal, no. 01–1437.

On July 25, 2001, the district court entered a permanent injunction relating to the magnetic insole type products. Robinsons–May seeks review of that order in appeal no. 01–1603. After a trial on the merits and a jury verdict in favor of Nikken USA, Inc., judgment was entered against defendants on September 7, 2001. On September 19, 2001, the district court entered an order resolving all post-judgment motions and staying damages and attorney fees proceedings pending appeal. On that same date, Robinsons–May filed a notice of appeal, no. 02–1006, from the district court's September 7, 2001 judgment and September 19, 2001 order. On October 1, 2001, the district court vacated its July 25, 2001 order and entered a superseding permanent injunction order.

Robinsons–May argues that Nikken's appeal from the R. 54(b) judgment, no. 01–1420, must be dismissed for lack of jurisdiction because Nikken is seeking review in that appeal of the district court's interlocutory orders granting partial summary judgment on September 15, 2000 and February 26, 2001. Robinsons–May is mistaken. The court entered a final judgment of noninfringement as to three defendants based on its prior rulings granting partial summary judgment on September 15, 2000 and February 26, 2001. Therefore, those orders are properly before this court for review.

With respect to Nikken's motion to dismiss Robinsons–May's earlier cross appeal, no. 01–1437, we agree that Robinsons–May was not adversely affected by the district court's summary judgment of noninfringement. It also appears that

Ames Dept. Stores, Costco Wholesale Corp., and PriceSmart also were not adversely affected by the court's R. 54(b) judgment; therefore, they are listed as appellees. We note that Robinsons–May has filed a new appeal from the district court's September 7, 2001 judgment and September 19, 2001 order and that appeal is proper. Appeal no. 02–1006 is consolidated with the other appeals. It appears that Nikken does not need to file a replacement brief. If Nikken chooses to do so, it should promptly notify the court.

K Mart Corporation was added as a defendant after the complaint was filed. While the district court's exclusion of K Mart from the official caption was apparently inadvertent, K Mart should be listed in the official caption in this court as a Defendant–Cross Appellant. The joint motion to voluntarily dismiss no. 01–1603, because the underlying order was vacated by the district court on October 1, 2001, is granted.

Accordingly,

IT IS ORDERED THAT:

(1) Robinsons–May's motion to dismiss no. 01–1420 is denied.

(2) Robinsons–May's motion for an extension of time is granted. Robinsons–May's opening/response brief is due within 40 days of the date of filing of this order.

(3) Robinsons–May's motion to reform the official caption is granted. The revised official caption is reflected above.

(4) Nikken's motion to dismiss no. 01–1437 is granted.

(5) Appeal no. 02–1006 is consolidated with no. 01–1420.

(6) The joint motion for voluntary dismissal on no. 01–1603 is granted.

(7) Each side shall bear its own costs in nos. 01–1437 and 01–1603.